UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| JAMIE ABREU, }<br>ON BEHALF OF HIMSELF AND }<br>ALL OTHERS SIMILIARLY SITUATED, }<br>   }<br>Plaintiff, }<br>v }<br>   }<br>MIDLAND FUNDING LLC,  AND }<br>MIDLAND CREDIT MANAGEMENT, INC., }<br>   }<br>Defendant. } | Civil Action, File No.<br>2:18-cv-00390-JMA-GRB |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Jamie Abreu [hereinafter "Abreu"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Midland Credit Management, Inc. ["MCM"] and Midland Funding, LLC ["Midland""], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district.  Venue in this district also is proper based on MCM and Midland possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Defendants also derive substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Abreu is a natural person who resides at 1906 Harte Street, North Baldwin, NY 11510.

6. Abreu is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about August 31, 2016, MCM, on behalf of Midland, sent Abreu the letter annexed as Exhibit A. Abreu received and read Exhibit A. For the reasons set forth below, Abreu's receipt and reading of Exhibit A deprived Abreu of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, MCM, on behalf of Midland, sent Exhibit A to Abreu in an attempt to collect a past due debt due to Midland.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a JC Penney brand credit card account by GE Money Bank for his individual use, individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges. MCM, via Exhibit A, on behalf of Midland, attempted to collect this past due debt from Abreu in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. MCM is a Kansas Domestic Business Corporation and a New York Foreign Business Corporation.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect

personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. MCM possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, MCM sets forth that it is attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon MCM possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of MCM is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. Midland is a Delaware Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation.

16. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies". See 1 USC 1.

17. Midland's primary business consists of the purchases of defaulted debts due from consumers from entities which currently own the defaulted debts, and the subsequent hiring of agents, attorneys, and/or third-party debt collectors to attempt to collect these defaulted debts from consumers.

18. If the aforementioned agents, attorneys, and/or third-party debt collectors hired to attempt to collect the aforementioned purchased defaulted debt are able to obtain payment, the payments are made payable to Midland and/or are received on behalf of or for the benefit of Midland.

19. On its website at https://www.midlandfunding.com/faqs/ Midland describes itself as follows:

> **Who is Midland Funding?**
> Midland Funding LLC is one of the nation's largest buyers of unpaid debt. For example, we may buy an unpaid credit card account. This happens when a company decides to sell the unpaid account rather than continue collection efforts. Midland Funding LLC purchases accounts with an unpaid Current Balance when:
> - An account has gone at least 180 days without making a payment, or
> - Someone paid less than the minimum monthly payment for at least 180 days, and
> - The original creditor wishes to sell the right to collect on the account Current Balance.

20. Midland's website at https://www.midlandfunding.com/faqs/ also contains the following information:

> **Is Midland Funding on your Credit Report?**
> Get your account history and details, plus flexible payment options – no account number needed
> REGISTER NOW
>
> **Why does Midland Funding appear on my credit report?**
> When an account is charged-off, it generally remains on your credit report for seven years from the date you originally went delinquent. When an account is sold, the original account may be updated on the credit report to show it was transferred to a new owner, or the original creditor may choose to delete their reporting. Midland Funding appears on your credit report because it is the owner of your charged-off account, but the seven

> year reporting period continues to be calculated from the date your account went delinquent with the original creditor.
>
> Per our policy, we stop credit reporting on accounts that are Paid in Full or Paid in Full for less than the full Current Balance and more than two years past the date of delinquency. For more information visit https://www.midlandcreditonline.com/help-center/credit-reporting/
>
> To find out how you can resolve this obligation call us at (800) 296-2657.

21. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present, Midland has been the plaintiff in numerous consumer debt collection lawsuits where the lawsuit alleged that Midland became the owner of the debt from the original creditor.

22. The aforementioned consumers include New York City residents.

23. Midland possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

24. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Midland possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency". Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

25. Based upon Exhibit A and the above allegations, the principal purpose of Midland is the

collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and therefore, Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26. Upon information and belief, Midland and/or an entity on its behalf issued work standards, directives, and/or guidelines to MCM which contained instructions, controls, and rules governing the steps MCM could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

27. All the actions alleged in this Complaint taken by MCM were taken by MCM as the "debt collector" for the "debt collector" Midland.

28. Based on the allegations in the above two paragraphs, Midland is vicariously liable for the actions of MCM.

## FIRST CAUSE OF ACTION-CLASS CLAIM

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-28 of this Complaint.

30. Exhibit A sets forth a "Current Balance" of $875.10.

31. If on the date of Exhibit A Midland was not accruing interest, late charges, and/or other charges on the "Current Balance" set forth in Exhibit A, then Defendants violated 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "current" balance due or describing the balance as the "current" balance.

## SECOND CAUSE OF ACTION-CLASS CLAIM

32. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-28 of this Complaint.

33. Exhibit A set forth a "Current Balance" of $875.10.

34. Upon information and belief, Midland continued to accrue interest, late charges, and/or other charges on the "Current Balance" set forth in Exhibit A.

35. Exhibit A failed to notify Abreu that his "Current Balance" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

36. For the above reason, as a result of the aforementioned omission from Exhibit A, Defendants violated 15 USC § 1692e by sending Exhibit A to Abreu.

### THIRD CAUSE OF ACTION-CLASS CLAIM

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-28 of this Complaint.

38. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### FOURTH CAUSE OF ACTION-CLASS CLAIM

39. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-28 of this Complaint.

40. As a result of sending Exhibit A to Abreu, Defendants violated of 15 USC 1692g.

### CLASS ALLEGATIONS

41. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

42. The class consist of (a) all natural persons (b) who received a letter from MCM on behalf of Midland dated between August 31, 2016 and August 31, 2017, (c) to collect a past due debt regarding a credit card account, (d) in a form materially identical or substantially similar to Exhibit A.

43. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

44. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

45. The predominant common question is whether Defendant's letters violate the FDCPA.

46. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

47. A class action is the superior means of adjudicating this dispute.

48. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:       July 31, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107