```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JAMIE ABREU, ON BEHALF OF HIMSELF AND  :
ALL OTHERS SIMILARLY SITUATED,         :
                                       :
                    Plaintiff,         :        MEMORANDUM & ORDER
            -against-                  :        18-cv-00390 (DLI)(SMG)
                                       :
MIDLAND FUNDING, LLC and MIDLAND       :
CREDIT MANAGEMENT, INC.,               :
                                       :
                    Defendants.        :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

On August 31, 2017, Jamie Abreu, on behalf of himself and all others similarly situated, ("Plaintiff") filed a Summons with Notice, bearing Index Number 608949/2017, in New York State Supreme Court, Nassau County, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. *See*, Notice of Removal, Dkt. Entry No. 1 ("Removal"). It appears that Plaintiff did not file a complaint in that court. *See generally*, *Id*.

On January 19, 2018, Midland Funding, LLC, and Midland Credit Management, Inc., (collectively "Defendants") filed a Notice of Removal to this Court, asserting federal question jurisdiction pursuant to § 28 U.S.C. 1331. *Id*. On July 31, 2018, the Court[1] ordered Plaintiff to file a status report by August 17, 2018 because there had been no activity in the case since it had been removed here. That same day, Plaintiff filed a Complaint alleging violations of FDCPA. *See*, Complaint, Dkt. Entry No. 5 ("Compl.").

Before the Court is Defendants' motion to dismiss the complaint on the ground that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, Defendants' motion to dismiss is granted.

---

[1] On March 26, 2019, this case was reassigned to the Honorable Dora L. Irizarry, Chief U.S. District Judge, and the Honorable Steven M. Gold, U.S. Magistrate Judge, from the Honorable Joan M. Azrack, U.S. District Judge, and the Honorable Gary R. Brown, U.S. Magistrate Judge.

## BACKGROUND

On August 31, 2016, Plaintiff received a debt collection letter from Defendants. Compl. ¶ 7. Defendants, who are debt collectors, acquired Plaintiff's debt from JC Penney. Compl. ¶¶ 9, 14. Plaintiff alleges that the letter was misleading in its use of the phrase "current balance" for the remaining debt of $875.10. Compl. ¶ 30. Plaintiff alleges that, if there were no interest or fees accruing on the debt when he received the letter, the word "current" makes it unclear whether the debt was static or dynamic. *See generally*, Compl. Therefore, Plaintiff argues, Defendants were using "false, deceptive, or misleading representations" in violation of § 1692e of the FDCPA. *Id*.

Defendants contend that Plaintiff failed to state a claim because "the word current does not imply that a debt may increase." Def.'s Mem. at 5. In fact, Defendants state that "the [l]etter informed Plaintiff of the exact amount that Plaintiff could pay." *Id*. at 3. Additionally, Defendants argue that "even if [a plaintiff] is misled in believing that interest and fees are accruing when, in actuality, they are not," there is no harm. *Id*. at 2 (citing *Taylor v. Fin. Recovery Servs., Inc.* 886 F.3d 212, 214 (2d Cir. 2018)). Defendants move to dismiss Plaintiff's claim because the reasonable consumer "assumes that payment of the amount listed will fully satisfy the debt at issue" when there is no interest or fee accruing. *Id*.

## DISCUSSION

### I.   Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citations and internal quotation marks omitted). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). *Iqbal* requires more than "a formulaic recitation of the elements of a cause of action." *Id.* at 681

(quoting *Twombly*, 550 U.S. at 555) (citations and internal quotation marks omitted). Where a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). On a motion to dismiss, the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. New York Cardiothoracic Grp., PLLC*, F.3d 471, 475 (2d Cir. 2009) (citations and internal quotation marks omitted).

**II.     Analysis**

    **A.     Plaintiff's Abandonment of the Second, Third, and Fourth Causes of Action**

As an initial matter, the Court finds that the first cause of action, which alleges violation under § 1692e of FDCPA, is the sole remaining claim out of the four causes of action initially filed in the Complaint. "At the motion to dismiss stage . . . a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim." *Williams v. Bayview Loan Servicing, LLC*, No. 14-CV-7427 (KAM)(LB), 2016 WL 8711209, at *11 (E.D.N.Y. Jan. 22, 2016) (citing *Romeo & Juliette Laser Hair Removal, Inc. v. Assam I LLC*, No. 08-CV-442 (TPG)(FM), 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014)).

In their motion to dismiss, Defendants maintain that Plaintiff withdrew from the third and fourth causes of action, (*See*, Def.'s Mem. of Law, Dkt. Entry No. 9-1 at 1), and, in their supplemental letter, that Plaintiff withdrew from the second cause of action. *See,* Def.'s Supp. Ltr., Dkt. Entry No. 13. The Court agrees. By failing to mention or respond to the alleged dismissal of claims in his Opposition Memorandum or subsequent supplemental letters, Plaintiff appears to have abandoned all claims except for the first cause of action. *See,* Pl.'s Mem. of Law in Opp'n, Dkt. Entry No. 9-3; *See also*, Dkt. Entry No. 14, 15, 18.

**B.    Defendants Did Not Violate the FDCPA**

*1. Purpose Behind FDCPA*

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692. In particular, § 1692e of the FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In analyzing whether a debt collector has violated this section, courts use an objective test based on the "least sophisticated consumer." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2008) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). This standard "ensure[s] that the statute protects the gullible as well as the shrewd," but "carefully preserve[s] the concept of reasonableness," and "protects debt collectors from unreasonable constructions of their communications." *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008) (citing *Clomon* at 1318-20). Thus, it "does not extend to every bizarre or idiosyncratic interpretation of a collection notice." *Clomon* at 1319. Under this standard, "collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) (*citing Clomon* at 1319). Additionally, the Second Circuit in *Taylor* held that "if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will [not] be misleading within the meaning of Section 1692e." *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018); *See also*, *Hussain v. Alltran Fin., LP*, No. 17-CV-3571 (ARR)(CLP), 2018 WL 1640584 at *3 (E.D.N.Y. Apr. 4, 2018) (granting motion to dismiss a § 1692e claim based on collection letter that did not disclose that the debt was not accruing interest).

*2. Meaning of "Current Balance"*

In this case, Plaintiff claims that Defendants subjected him to "abusive, deceptive, or

4

misleading debt collection practices" when the letter set forth a "current balance" without any other information on additional fees. Compl. ¶¶ 7, 29-31. Essentially, Plaintiff argues that the phrase "current balance" makes it unclear to the "least sophisticated consumer" whether he owes the exact amount stated in the letter or owes more due to the possibility of additional fees. Pl.'s Opp'n at 2. In other words, Plaintiff argues that letter could have "more than one reasonable interpretation, at least one of which is inaccurate" of how much the consumer actually owes. *See*, Compl. at ¶ 31.

Defendants maintain that the letter was not misleading within the meaning of § 1692e because the word "current" does not imply that a debt may increase. *See*, Def.'s Mem. at 5. "[T]he phrase 'Current Account Balance' cannot reasonably be construed, under the least sophisticated consumer standard, as implying that the debts at issue may (or will) accrue interest or late fees." *McAdams v. Stoneleigh Recovery Assocs., LLC*, No. 16-CV-5517 (JMA)(GRB), 2018 WL 7982269 at *4 (E.D.N.Y. Sep. 27, 2018). Defendants argue that "a reasonable consumer assumes that payment of the amount listed will fully satisfy the debt at issue." Def.'s Mem. at 2. They also contend that they listed the exact amount to be paid without any mention of interest or fees. *See*, Def.'s Mem. at 2; *See also*, Def.'s Reply Mem. of Law, Dkt. Entry No. 9-4 at 1. Indeed, Plaintiff brought this claim on a premise that the debt "was not accruing interest, late charges, and/or other charges." Compl. ¶ 31.

Moreover, *arguendo*, if Plaintiff had thought there were fees accruing to the remaining debt, "the only harm . . . a consumer might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later." *Taylor* 886 F.3d at 214. Such harm is immaterial and "falls short of the obvious danger facing consumers" for FDCPA purposes. *Id*. Accordingly, the Complaint fails to plead sufficient allegations of fact to state a claim for which relief can be granted. Plaintiff's claim under

5

§ 1692e is dismissed.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion is granted, and the Complaint is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2019

                                         /s/
                                  DORA L. IRIZARRY
                                    Chief Judge